NELLIE WREN et al. v: CHARLES W. WEHN et al.

(No. 9074)

Submitted October 8, 1940. Decided November 26, 1940.

W. Merle Watkins, for appellants.
James C. Holt and W. C. Revercomb, for appellees.

FOX, JUDGE:

This is a suit in equity instituted in the Circuit Court of Taylor County in November, 1937, in which Nellie Wren, Gertrude Cole, and William S. Wren, as executor of the last wills and testaments of Carrie V. Wehn and Rosa Wehn were plaintiffs and Charles W. Wehn and The First National Bank of Grafton defendants, the object of which is to partition a fund on deposit in said bank, amounting, as of the date of the institution of the suit, to the sum of $26,144.32. Upon the filing of the bill, the defendant, Charles W. Wehn, filed his answer and cross-bill thereto, making claim to $23,722.05, to be paid out of said fund before the partition of the residue. From a decree of the

court in favor of Charles W. Wehn, based on said claim, in the sum of $9,890.04, the plaintiffs below prosecute this appeal.

The fund involved represents rentals paid to The First National Bank of Grafton by the McCrory Stores Corporation, for the benefit of the devisees under the last will of Henry E. Wehn, under a lease dated March 27, 1926, effective April 1, 1926, executed by Henry E. Wehn's heirs to B. W. Auvil, and by him assigned to the J. G. McCrory Company, and which later became the property of the McCrory Stores Corporation, covering a business building located on West Main Street in the City of Grafton. This property was formerly owned by Henry E. Wehn, who died on the 1st day of August, 1921, testate. By the terms of his will Henry E. Wehn devised the said building to five of his children in the following interests: Carrie V. Wehn and Rosa Wehn each one-fourth, and Charles W. Wehn, Nellie Wren and Gertrude Cole each one-sixth. Carrie V. Wehn died in 1935, and by her will devised her share in said property to Nellie Wren; Rosa Wehn died in 1937, and likewise devised her share therein as follows: Charles W. Wehn two-fifths, Gertrude Cole two-fifths, and Nellie Wren one-fifth, so that at the date of the institution of this suit the interests in the real estate from which the rentals were derived, were held in the following proportions: Nellie Wren seven-fifteenths, and Gertrude Cole and Charles W. Wehn each four-fifteenths. The executor of Carrie V. Wehn and Rosa Wehn joins as plaintiff by reason of the fact that their estates may have an interest in certain of the rentals in question as personalty.

The will of Henry E. Wehn, devising the real estate to his children, as noted above, provided that said property should be taken thereunder subject to liens and encumbrances existing against the same, and upon condition that the devisees should provide the executor with means to pay debts and funeral expenses, and certain specific legacies aggregating $2,100.00. The record discloses that there was indebtedness greatly exceeding the personal estate, and the further provision of the will as to the residue of

his property, which was personalty, and which he bequeathed to Charles W. Wehn, Rosa Wehn and Carrie V. Wehn becomes unimportant.

Charles W. Wehn was named as executor of the will and qualified as such. The indebtedness of the estate was paid, as were the several specific legacies, out of the rents and profits of the real estate devised as aforesaid. It appears that from the death of Henry E. Wehn to the 1st day of April, 1926, when the McCrory lease went into effect, Charles W. Wehn received the sum of $30,742.00, which he now contends he received as agent for his co-tenants in said property, although plaintiffs say he acted as executor. Under the terms of the will, we do not think he had the right to collect such rents as executor, but in whatever capacity he received them, he is, of course, under obligation to account therefor, and has apparently done so except as to minor items which will be hereinafter referred to.

As stated above, the real estate devised by Henry E. Wehn was leased to B. W. Auvil, who assigned his lease to the J. G. McCrory Company, for a term of twenty-one years, at a monthly rental of $1,200.00. At the time this lease was negotiated, a part of the building was occupied by a firm doing business under the name of Hendrickson-Auvil, and B. W. Auvil was connected with that business. It appears that the lease held by this firm could only be terminated upon ninety-days' notice, and that when the subject of the lease was first presented by W. S. Thompson, an agent of the J. G. McCrory Company, the matter was taken up with Auvil, with the result that Charles W. Wehn, assuming to act as agent for the owners, executed a thirty-day option to B. W. Auvil to lease the said property at a monthly rental of $1,200.00. Auvil took this option to New York City, and first used the same in an effort to sell to McCrory his stock of merchandise then in the building, and, being unsuccessful in this effort, communicated with Charles W. Wehn in Grafton, telling him that he could place a twenty-one year lease of the building at a monthly rental of $1,100.00. The next morning

he received a reply from Wehn to the effect that he would accept $1,100.00 per month for the first ten years and $1,200.00 for the remainder of the lease. Auvil then returned to Grafton where the lease to him was executed and then assigned to McCrory, under which the full $1,200.00 per month rental was required to be paid to The First National Bank of Grafton. Under a separate agreement Auvil was to be paid $100.00 per month out of the lease rentals, and this contract has been complied with. The lease as executed was signed by Charles W. Wehn as agent for his co-owners, and accepted in that form by the lessee. No objection to the lease was ever made, and all interested parties have, in effect, ratified the same and received the benefits accruing therefrom. Under the terms of the lease, the lessees were to look after the interior of the entire building, leaving to the lessors only the duty and obligation of keeping the exterior in a state of repair. Prior to lease the owners of the building had occupied portions thereof, and it seems that all of them had performed services in looking after the building and doing janitor work.

Prior to the execution of the lease, an effort had been made to secure a settlement with Charles W. Wehn as to rentals received by him. For some reason this settlement was not made. On the 5th day of April, 1926, shortly after the lease was executed, Carrie V. Wehn, Rosa Wehn, Nellie Wren and Gertrude Cole, notified The First National Bank of Grafton to deposit all monies received under the lease in a new account to be styled "Henry E. Wehn's Heirs", and not to honor any checks drawn against the said account unless signed by Charles W. Wehn and Carrie V. Wehn. The bank was also notified that any authority that said Charles W. Wehn may have theretofore had over such account, or as agent of the undersigned in any capacity, had been ended; and on the same date the same parties by letter prepared and signed by their counsel informed Charles W. Wehn of the above notice to The First National Bank of Grafton, and gave this further notice: "You will please take notice of the matters therein set

forth, and I beg further to notify you, by direction of Carrie V. Wehn, Rosa Wehn, Nellie Wren and Gertrude Cole, that any authority you may have heretofore had as their Agent, in any capacity, is herewith ended, and that Carrie V. Wehn is hereby authorized to sign any checks on the accounts described in the enclosed notice. You are also requested to make settlement for all moneys collected by you on account of the above named persons from January 1 to April 1, 1926."

It will be observed that the notice to the bank, as well as that given to Charles W. Wehn, impliedly admits the existence of some character of agency on the part of Charles W. Wehn, and seeks to terminate the same as of the date of said notices.

The rentals provided for were paid to The First National Bank of Grafton, and were for a number of years disbursed among the parties entitled thereto. At one time a check was drawn in favor of Charles W. Wehn for $60.00, and at another time, $50.00, which he contends represented commissions on the monthly payment of rental. About 1935, Charles W. Wehn refused to sign any checks for further disbursements, and for this reason the fund involved in this suit accumulated, and plaintiffs finally instituted this suit for partition thereof. Upon the filing of their bill the defendant, Charles W. Wehn, by answer and cross-bill made claim to the sum of $23,771.05, made up of various items as hereinafter set out; $250.00 for preparing plans for one of the buildings devised by Henry E. Wehn, erected in 1905, and for services as mason and carpenter in constructing the same, $4,680.00; an item of $100.00 for plans of a building erected in 1912, and for services as mason and carpenter in connection therewith the sum of $4,680.00; an item of $538.23, being one-third of his father's personal estate, as devised under his will. All of these items were eliminated from the case when the court sustained a demurrer interposed by plaintiffs to the defendant's answer and cross-bill, in so far as it affected said items. The claim also includes items of maintenance and repair in 1922 of $24.70; $18.80 in 1923;

$48.06 in 1924; $147.70 for repair of fire wall and cornice in 1930; $95.11 in 1936, and $35.25 in 1937; also an item of $1,680.00 for janitor services performed by himself from August 1, 1921, to April 1, 1926. The principal claim set up in said answer and cross-bill is for commissions of five per cent alleged to be due on the collection of rents in the amount of $30,742.00 prior to the effective date of the Auvil-McCrory lease, and commissions on $198,742.00 collected as agent under said lease; this latter sum erroneously includes the former, so, it is obvious that there is a double claim for commissions on the $30,742.00 collected prior to April 1, 1926. The court by its final decree allowed to Charles W. Wehn for commissions, $1,537.10, on the $30,742.00 item of collections, and $8,400.00 on $168,000.00 collected under the Auvil-McCrory lease; also for items expended for repairs $344.22, making an aggregate of $10,281.32. Decreed as credits on this sum were the following: $110.00 paid on commissions, $126.30, representing difference between receipts and disburse-. ments prior to April 1, 1926; $125.00 paid out of the estate for a son of Charles W. Wehn; and a withdrawal of $29.98. These credits total $391.28 which, deducted from the amount allowed above, left a balance of $9,890.04, which the court decreed should be paid to Charles W. Wehn out of the fund on deposit in The First National Bank of Grafton.

As we view the case, the real question involved is whether or not the claim of Charles W. Wehn to compensation for any services he may have performed as agent for his co-tenants is barred by the statute of limitations, and, of course, this question also arises as to any expenditure for repairs made more than five years prior to the date of the institution of this suit. We do not think it can be denied that in whatever capacity Charles W. Wehn was acting, he was entitled to compensation for services in collecting rents totalling $30,742.00 subsequent to his father's death and prior to the date when the Auvil-McCrory lease became effective. The mere fact that the other devisees deemed it necessary to give notice of the

termination of his agency, in itself argues that such agency existed, but we think it must be admitted that the power which could create such agency in the beginning, could revoke the same, subject to any rights which had become vested in the agent, such as agreed compensation or the value of services rendered. In other words, the owners of the real estate in question, other than Charles W. Wehn, had the right to constitute him as their agent, but they likewise had the right to terminate that agency at any time, subject to the obligation to compensate him for any services theretofore performed. We hold that the letter of April 5, 1926, operated as such termination. There is no evidence of any specific agency agreement, or any agreement as to compensation for services, so that when this agency was terminated the right of Charles W. Wehn to compensation for services performed by him as such agent then accrued, as well as a right of action to recover the same. More than eleven years passed between the date when such agency was thus terminated, and the date when he made his claim for compensation. This long delay, in itself, casts grave suspicion on the present claim in so far as it relates to commissions under the lease. A just claim for so substantial a sum is not ordinarily neglected in this fashion. But aside from this, the statute, except under specific circumstances, none of which is here present, is adamant, and we have no power to depart from its terms. We are, therefore, of opinion that his claim to compensation for services performed more than five years prior to the institution of this suit is now barred by the express terms of the statute. Code, 55-2-6.

It is contended that because of the part taken by Charles W. Wehn in the disbursement of the funds derived from the Auvil-McCrory lease and services rendered in connection with the overseeing of repairs to the exterior of the building and a trip to New York about the time when, by reason of the reorganization of the J. G. McCrory Company into the McCrory Stores Corporation, the interests of lessor needed attention, his agency was thereby continued and the statute prevented from operating as a bar to the

compensation to which he was entitled at the time of the formal termination of his agency in 1926. We are unable to see the force of this contention. At most, these were minor duties which any co-owner might be expected to perform. It appears that Carrie V. Wehn had much to do with the disbursement of the fund; that other owners were consulted about matters of repair; and that when the trip was made to New York, expenses for the journey were furnished Charles W. Wehn by one of his sisters. We do not think the services rendered by Charles W. Wehn, nor the fact that during said period he received small sums which he now claims amount to a recognition of his continuing agency, served to keep alive the agency which, it may be contended, existed prior to April 5, 1926.

We think the court erred in allowing commissions on the $30,742.00 collected prior to April 1, 1926; in allowing commissions on $168,000.00 collected from the Auvil-Mc-Crory lease subsequent to that date; and in allowing items for repair representing money expended more than five years prior to the institution of this suit.

The decree of the Circuit Court of Taylor County is reversed and the cause remanded for further proceedings not inconsistent with the opinions herein expressed.

*Reversed and remanded.*